IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MICHAEL RUSSELL     PLAINTIFF

V.     CIVIL ACTION NO. 1:20-CV-3-SA-DAS

CITY OF TUPELO, MISSISSIPPI, et al.     DEFENDANTS

## ORDER

On June 14, 2021, the Defendants filed five separate Motions *in Limine* [82, 83, 84, 85, 86], which have now been fully briefed. Having reviewed the parties' submissions, along with the applicable authorities, the Court is prepared to rule.

### *Applicable Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted)). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

### *Analysis and Discussion*

As noted above, the Defendants filed five separate Motions *in Limine*. The Court will address the Motions in turn.

*First Motion in Limine [82]*

In their First Motion *in Limine* [82], the Defendants "request that this Court exclude Michael Bowens and other potential witnesses from offering opinions at trial that the Plaintiff was assigned the duties of Patrol Lieutenant in order to block the promotion of Tiffany Gilleylen, that Bowens was blocked for promotion due to racist reasons, or that the Tupelo Mississippi Police Department is a 'racist' department." [82] at p. 2-3. The Defendants contend that Bowens has no personal knowledge to support his subjective opinions and that such testimony is therefore inadmissible.

In response, Russell first asserts that, to the extent the Defendants seek exclusion of certain testimony from potential witnesses other than Bowens, the Motion [82] should be denied because it lacks sufficient specificity. This Court has previously noted that motions *in limine* should "be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *King*, 2017 WL 532284 at *1 (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

Applying that standard to the present request, the Court finds that it should not implement a blanket exclusion as to all potential witnesses on this topic. Rather, the Court finds that it would be more appropriate to address this issue as to each particular witness at trial so that the issue can be addressed in context. *See King*, 2017 WL 532284 at *1 (noting that "[e]videntiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.") (citation omitted). Thus, to the extent the Defendants' Motion [82] relates to witnesses other than Bowens, it is DENIED.

As to Bowens' ability to testify on these topics, Russell emphasizes that Bowens, in his deposition, set forth multiple reasons why he believes Deputy Chief Gilbert is a racist. For example, Bowens testified that Deputy Chief Gilbert had previously made multiple personnel decisions that were allegedly racially motivated. Furthermore, Bowens testified that he had personal knowledge of the objective criterion implemented as part of the settlement of Gilleylen's lawsuit and that, in his opinion, Deputy Chief Gilbert's transfer of Moyer and Russell to the Patrol Division failed to comply with that criterion. Consequently, Russell contends that Bowens has sufficient knowledge to provide opinion testimony on these topics.

The Court is cognizant of the concerns the Defendants have raised. However, without proper context, it is difficult to accurately resolve an evidentiary issue of this nature. Instead, the Court finds it would be more appropriate to address this matter at trial. The parties are directed to notify the Court prior to Bowens being requested to testify about these topics. The Court will take appropriate steps to address the issue at that time including, if necessary, a proffer outside the jury's presence. The Motion [82] is DENIED.

*Second Motion in Limine [83]*

In their Second Motion [83], the Defendants seek to "prevent the Plaintiff from presenting any evidence of prior employment litigation involving the City of Tupelo Police Department or settlements of any such claims[.]" [83] at p. 1. The Defendants contend that such evidence is substantially more prejudicial than probative and should therefore be excluded pursuant to Rule 403. Additionally, they contend that such evidence constitutes prior bad acts that should be excluded under Rule 404.

In response, Russell first contends that the settlement of Gilleylen's first lawsuit is relevant because the addendum to the settlement agreement required that the City of Tupelo implement an

3

objective system for promotions within the Police Department. He asserts that part of his reason for alleging intentional discrimination "is that Defendants violated the . . . addendum agreement. Instead of following this agreement, to apply objective criterion in promotions to fill vacancies, Defendants avoided that agreement by transferring two (2) white officers into Patrol positions, when black officers would have been logical candidates for those positions." [96] at p. 1-2. According to Russell, "the fact that the Tupelo Police Department agreed to implement an objective promotion system in order to avoid race discrimination, and then refused to follow that system, is evidence from which a jury may infer a discriminatory intent." *Id*. at p. 2. As to Gilleylen's second lawsuit, Russell contends that "[i]f Gilleylen is not allowed to testify about the filing of the second lawsuit, a jury may wonder why Gilleylen is not filing her own suit." [96] at p. 3.

As noted above, "[e]vidence should not be excluded *in limine* unless it is *clearly inadmissible on all potential grounds*." *Harkness*, 2015 WL 631512 at *1 (citations omitted) (emphasis added). Although aware of the Defendants' concerns, the Court cannot find, at this stage, that the lawsuits are clearly inadmissible *on all potential grounds*. As such, the Motion [83] is DENIED. The Defendants may raise this issue at trial, and the Court will address the issue at that time.

*Third Motion in Limine [84]*

In their Third Motion [84], the Defendants "request that this Court exclude the Plaintiff from offering any testimony at trial that he takes blood pressure medication or was hospitalized due to the stress associated with his employment at the City of Tupelo Police Department." [84] at p. 2. Russell "confesses Defendants' Third Motion *in Limine*, prohibiting [him from] giving

4

opinion testimony as to the cause of his blood pressure issues." [97] at p. 1. The Motion [84] is therefore GRANTED.

*Fourth Motion in Limine [85]*

In their Fourth Motion [85], the Defendants "move to prevent the Plaintiff and/or his counsel from making any comments, allusions, or assertions, or eliciting any speculative testimony at trial, that Defendant Allan Gilbert is racist or has a reputation for being racist, or that any current or former employee of the Tupelo Police Department is racist or has a reputation for being racist[.]" [85] at p. 1. The Defendants contend that any such testimony is based only on speculation, rather than personal knowledge, and is inadmissible pursuant to Rule 602 of the Federal Rules of Evidence. The Defendants point to certain portions of the transcript from Michael Bowens' deposition as an example of such purportedly "wild speculation and gossip." *Id*.

This request appears, in the Court's view, to be largely synonymous to the request made in the Defendants' First Motion *in Limine* [82]. As it found in connection with the First Motion [82], the Court finds that these matters should be addressed at trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context. *See King*, 2017 WL 532284 at *1. As was noted above in connection with the First Motion [82], the parties shall notify the Court prior to venturing into questions about this topic during the trial. The Court will determine the appropriate manner of handling the issue at that time.

The Court also notes that Russell asserts in his Response that he "does not intend to offer testimony that Defendant Gilbert has a 'reputation' of being a racist." [98] at p. 6. To the extent the Motion [85] seeks exclusion of such reputation testimony, it is GRANTED. In all other respects, the Motion [85] is DENIED.

*Fifth Motion in Limine [86]*

The Defendants' Fifth Motion [86] concerns Russell's purported loss of retirement benefits. Specifically, the Defendants contend:

> In his Amended Complaint, the Plaintiff alleges that " . . . if he had worked another two (2) years, he could have received substantial retirement benefits." In essence, the Plaintiff's theory is that had he worked two (2) more years with the Tupelo Police Department he would have obtained twenty-five (25) years of service under the PERS guidelines. This means that he could have begun drawing PERS benefits immediately if he had chosen to retire in 2021. . . Since he is short of twenty-five (25) years of service given his decision to quit his job with TPD, he claims he must wait until age sixty (60) to begin receiving those benefits. He therefore seeks to present evidence to the jury of the net present value of the retirement benefits he would have received from 2021 to 2035, the date he turns sixty (60).

[86] at p. 2. The Defendants contend that whether Russell is entitled to damages for loss of retirement benefits is an element of front pay, which the jury should not consider. Russell does not oppose the Motion [86], stating that he "agrees that the loss of future retirement benefits is analogous to 'front pay,' and is, therefore, an issue for the Court, rather than for the jury." [99] at p. 1.

The Court agrees. The Fifth Motion [86] is GRANTED. The Court will address this issue, if necessary, after the jury renders a verdict.

*Conclusion*

For the reasons set forth above, the Defendants' First Motion *in Limine* [82] and Second Motion *in Limine* [83] are DENIED. The Third Motion *in Limine* [84] and Fifth Motion *in Limine* [86] are GRANTED. The Fourth Motion *in Limine* [85] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 26th day of October, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE