## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**MICHAEL RUSSELL**                                                                                               **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 1:20-CV-0003-SA-DAS**

**CITY OF TUPELO, MISSISSIPPI and**
**ALLAN GILBERT, individually**                                                           **DEFENDANTS**

### MOTION TO BIFURCATE ISSUE OF PUNITIVE DAMAGES

**COME NOW** the Defendants, City of Tupelo Mississippi and Allan Gilbert ('Defendants"), and respectfully request that this Court bifurcate the issue of punitive damages from the liability and compensatory damages phase of the upcoming jury trial of this matter pursuant to *Federal Rules of Civil Procedure* 42 (b), and in support would state as follows:

1. The Plaintiff's Amended Complaint contains a request for punitive damages against the individual Defendant, Allan Gilbert, related to the state law claim for tortious interference with contract. (Doc. # 28, p. 13)

2. On June 16, 2021, this Court awarded Defendant Gilbert a judgment as a matter of law and dismissed all claims against him, including the punitive damages claim. (Doc. # 87).

3. On October 26, 2021, this Court granted the Plaintiff's Motion for Reconsideration and revived the state law claim against Defendant Gilbert and the request for punitive damages. (Doc. # 110).

4. Therefore, the Defendants request that this honorable court now bifurcate the issue of punitive damages from the liability and compensatory damages phase of the trial

pursuant to its long standing practice. As this Court stated in *Stokes v. Captain D's, LLC*, 2018 U.S. Dist. LEXIS 57464 * 2, 2018 WL 1621042 (N.D. Miss April 4, 2018):

> Given the posture of this case, well-established statutory and judicial precedents require the Court to bifurcate the issues of liability and compensatory damages, and punitive damages. (citing MISS. CODE ANN. § 11-1-65; Bradfield v. Schwartz, 936 So. 2d 931, 938-39 (Miss. 2006); Robinson v. Nationwide Mut. Fire Ins. Co., No. 4:11-CV-103-MPM-JMV, 2013 U.S. Dist. LEXIS 201852, 2013 WL 12187498, at *5 (N.D. Miss. Jan. 15, 2013) … If a Plaintiff's verdict is returned and compensatory damages are awarded, the Court will commence the punitive damages phase.

5. As this Court noted in *Stokes*, *Mississippi Code Annotated* § 11-1-65 expressly requires state courts to bifurcate the issue of punitive damages from the liability and compensatory damages of a jury trial. Id.

6. Furthermore, *Federal Rules of Civil Procedure* 42 (b) allows for the bifurcation of issues such as punitive damages. This rule states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

7. The same concerns that exist in *Stokes* exist in the present case, namely that the jury not be encouraged to conflate the issue of compensatory and punitive damages. As this Court stated in *Stokes*:

> The Court reminds the parties that the procedure outlined in § 11-1-65 will be "meticulously followed" to prevent the jury from confusing "the basic issue of fault or liability and compensatory damages with the contingent issue of wanton and reckless conduct which may or may not ultimately justify an award of punitive damages." Id. (internal citations omitted).

8. The Court's ruling in *Stokes* is consistent with the long standing practice in the district courts for the Northern District of Mississippi to bifurcate the issue of punitive damages in jury trials from the liability and compensatory damages phase pursuant to FRCP 42 (b). *See*

*e.g.* Whitfield v. Allstate Vehicle & Prop. Ins. Co., 2017 U.S. Dist. LEXIS 127732 *16-17, 2017 WL 3445649 (N.D. Miss. August 10, 2017).

9. Given the straight forward nature of the relief requested, the Defendants respectfully request that this Court relieve them from the requirement of filing a supporting memorandum brief.

**WHEREFORE, PREMISES CONSIDERED** the Defendants request that this Court bifurcate the issue of punitive damages from the issues of liability and compensatory damages at the jury trial of this case. The Defendants request any other relief they may be entitled to under the law.

    Respectfully submitted, November 1, 2021

    s/ S. Ray Hill, III
    S. RAY HILL, III MSB# 100088
    rhill@claytonodonnell.com

    s/ David D. O'Donnell
    DAVID D. O'DONNELL MSB # 3912
    dodonnell@claytonodonnell.com

Of Counsel:

CLAYTON O'DONNELL, PLLC
1403 Van Buren Ave., Suite 103
P.O. Box 676
Oxford, MS 38655
Telephone: (662) 234-0900
Facsimile: (662) 234-3557
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I, S. Ray Hill, III, do hereby certify that I have this date filed the foregoing using the Court's ECF system, which sent notice of the filing to all counsel of record.

         November 1, 2021

         s/ S. Ray Hill, III
         S. RAY HILL, III, MSB# 100088